LANCE J. HENDRON, ESQ.
Nevada Bar No. 11151
**HENDRON LAW GROUP LLC**
625 S. Eighth Street
Las Vegas, Nevada 89101
Office: (702) 710-5555 ♦ Facsimile: (702) 718-5555
E-mail: lance@hlg.vegas
Attorney for Defendant, *Charles Parr*

# UNITED STATES DISTRICT COURT
# CLARK COUNTY, NEVADA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | CASE No.: 2:19-cr-0133-APG-VCF-6 |
| Plaintiff, | **ORDER** |
| vs. | **FINDINGS OF FACTS, CONCLUSIONS OF LAW AND ORDER** |
| **CHARLES PARR**, | |
| Defendant. | |

Based on the pending Stipulation of counsel, and good cause appearing therefore, the court hereby finds that:

## CONCLUSIONS OF LAW

Under the CARES Act, Rule 11 felony pleas and Rule 32 felony sentencings "may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available" where the defendant consents and "the district judge in [the] particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interest of justice." Pub. L. 116-136, 134 Stat. 281, § 15002(b)(2)(A) and (4).

The sentencing in this case cannot be further delayed without serious harm to the interests of justice, but rather should be held with Mr. Parr appearing by video teleconference, for the following reasons:

6

1. Mr. Parr is aware of his right to appear in person at his sentencing and, having discussed it with his counsel, has knowingly and voluntarily agreed to waive that right and consents to resolve this through appearance by video teleconference.

2. Strong and long-recognized public policy preferences, as expressed in the Speedy Trial Act, urge the resolution of criminal justice matters without undue delay. Mr. Parr prefers to have this matter resolved in the near term.

3. From the position of the United States Attorney's Office, a swift adjudication of the conduct, an offense against justice, is desirable to sanction the conduct. Resolution of this case without undue delay would better serve the purposes of sentencing, particularly specific and general deterrence.

4. During their last phone conference, Mr. Parr informed his counsel of his request to appear at his sentencing by video teleconference. Counsel is attaching a waiver of personal appearance, signed on Mr. Parr's behalf at his request.

5. Mr. Parr is out of custody and has been and is currently suffering serious medical conditions that the government and U.S. Pretrial Services are also aware.

6. The government has agreed to Mr. Parr's appearance by video conference for his sentencing.

ORDER

IT IS HEREBY ORDERED that Mr. Parr may appear for his sentencing by video teleconference, or on telephone teleconference if video conference is not readily available currently scheduled for February 8, 2024 at the hour of 10:00 a.m.

IT IS SO ORDERED:

Dated: February 2, 2024

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

7